IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROSEMARY BOUCHER, a minor by her parents and next friends, EDWARD and CHRISTINE BOUCHER | * | |
| and | * | |
| EDWARD BOUCHER 9912 Mainsail Drive Gaithersburg, Maryland 20879 | * | |
| and | * | |
| CHRISTINE BOUCHER 9912 Mainsail Drive Gaithersburg, Maryland 20879 | * | |
| Plaintiffs | * | Civil Action No.: |
| v. | * | |
| BOARD OF EDUCATION OF MONTGOMERY COUNTY 850 Hungerford Drive Rockville, Maryland 20850 Serve on: Ms. Shirley Brandman, Board President | * | |
| and | * | |
| DR. JERRY D. WEAST Superintendent, in his official capacity, Montgomery County Public Schools 850 Hungerford Drive Rockville, Maryland 20850 | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR ATTORNEY'S FEES AND COSTS

Edward and Christine Boucher, parents and next friends of Rosemary Boucher, a child with a disability as defined by the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*, by their undersigned counsel, bring this Complaint for Attorney's Fees and Costs on behalf of their child and in their own right, against the Board of Education of Montgomery County ("Montgomery County Public Schools" or "MCPS") and Dr. Jerry D. Weast, for attorney's fees and costs incurred in excess of Eighty Thousand Dollars and No Cents ($80,000.00) in prosecuting an administrative action before an Administrative Law Judge of the State of Maryland and rendered on or about December 31, 2008.

### Jurisdiction

This Court has jurisdiction pursuant to the Individuals with Disabilities Education Improvement Act (the "IDEA"), as amended, 20 U.S.C. § 1401 *et seq.*; 34 C.F.R. § 300.1 *et seq.*; 42 U.S.C. § 1983; Md. Educ. Code Ann., § 8-401 *et seq.*; and C.O.M.A.R. §13A.05.01, *et seq.*

### Parties

1. Rosemary Boucher ("Rosemary") is a now thirteen-year-old (13) (DOB: 04/03/1996) child eligible for special education and related services as required by the IDEA. Rosemary's parents and next friends, Edward Boucher and Christine Boucher (the "Bouchers" hereinafter collectively referred to as the "Plaintiffs or Bouchers") bring this action on Rosemary's behalf and in their own right. Plaintiffs reside in Montgomery County, Maryland.

2. The Board of Education of Montgomery County ("MCPS") is a local education agency ("LEA") as defined by 20 U.S.C. § 1401 and as such receives financial assistance from the United States Department of Education and is responsible for providing a free appropriate

public education ("FAPE") to disabled students residing in Montgomery County, Maryland. Maryland law requires MCPS to be responsible, *inter alia*, for the provision of appropriate educational services in accordance with a students Individualized Education Program ("IEP").

3. Dr. Jerry D. Weast (the "Superintendent") of the LEA is charged with providing a FAPE and due process of law to disabled children in Montgomery County, Maryland. He is sued in his official capacity.

### Factual Allegations

4. Rosemary is a child with an educational disability as defined by the IDEA. During all relevant times of this litigation, Rosemary attended Clearspring Elementary School, a MCPS public school or the Harbour School, a Maryland State Department of Education approved non public special education school. She is diagnosed with multiple disabilities including but not limited to cerebral palsy, speech language impairment and ADHD.

5. Rosemary attended kindergarten through Grade 5 at the School Based Elementary Learning Center at Clearspring Elementary School. Rosemary was a diploma bound student receiving the majority of her special education services in a small, self-contained classroom.

6. On May 25, 2007, Rosemary's IEP team at Clearspring Elementary School met, reviewed assessments and recommended that it was "time to bite the bullet and classify Rosemary as mentally retarded." *See,* Decision, ALJ Helfand, December 31, 2008 at page twenty two (22) ("herein Decision at __"). Attached hereto as Exhibit 1. The IEP team also recommended removing her from the diploma track and reduced her services for occupational and physical therapy for the 2007-2008 school year. Finally, the team recommended placement in the Learning for Independence ("LFI") program at Forest Oak Middle School, a MCPS public

school for the 2007-2008 school year in a functional life skills classroom for students who will not receive a high school diploma.

7. The parents strongly disagreed with these recommendations and refused to sign the IEP.

8. The parents obtained private educational and psychological recommendations and evaluations from Suzanne Blatner and Dr. Pamela Meek, both former educational employees of MCPS.

9. Dr. Meek concluded, after reviewing the MCPS psychological assessments and her own testing, that the Student was not mentally retarded. Dr. Meek recommended that the educational coding that would more accurately reflect the Student's diagnostic profile would be Other Health Impaired for brain injury, Speech/Language Impairment and Orthopedic Impairment. Dr. Meek further recommended that speech/language services, as well as occupational and physical therapy, be fully integrated in the Student's school day, and that she use augmentative communication services and adaptive speech aids. Dr. Meek emphasized that the Student was not a candidate for the LFI program. *See,* Decision at page 25.

10. On August 13, 2008, the Parents, through their attorney, provided MCPS with written notice that they believed that the May 25, 2007 IEP and subsequent placement in the Functional Life Skills (LFI) program did not meet the Student's educational needs, and were withdrawing her from MCPS and placing her at the Harbour School. This letter included Dr. Meek's evaluation. The Student began attending the Harbour School at the end of August 2007. *See,* Decision at page 26.

11. MCPS convened multiple IEP meetings to review the Parents private evaluation and the 2007-2008 IEP. On April 25, 2008, the MCPS IEP team reversed the decision of the

4

          Clearspring Elementary School IEP team and determined that Rosemary should **not** be coded as mentally retarded, should be placed back on the diploma track and removed from the LFI program.

12. The IEP team, however, recommended a partial special education program in the Learning and Academic Disability Program ("LAD") at Forest Oak for the remainder of the 2007-2008 school year and the 2008-2009 school year.

13. The parents rejected the offered program because they did not believe the recommended program was appropriate for the 2007-2008 school year or the 2008-2009 school year. They notified MCPS that they would continue her at the Harbour School.

14. The Student made progress in all of her academic subjects. She has participated in an array of social activities, including performing in school plays. The Student continues to make progress in he related services of speech/language, occupational therapy and physical therapy.

15. In accordance with their rights under State and Federal law, the Boucher's requested a Due Process Hearing to contest *inter alia*, the failure of MCPS to provide Rosemary with a Free Appropriate Public Education for the 2007-2008 school year and reimbursement for Dr. Meeks evaluation. The hearing was held on October 27, 28, 29, 30 31 and December 3, 9, 10, and 11, 2008. Plaintiffs were represented at the due process hearing by Mark B. Martin, Esq. and Jennifer Falter, Esq.

16. The Administrative Law Judge, Harriet C. Helfand, ("ALJ") rendered a well reasoned sixty seven (67) page decision on December 31, 2008 holding in favor of the parents and against MCPS, and ordered MCPS to reimburse the student's tuition and educational expenses for

the 2007-2008 school year. The ALJ denied reimbursement for the Independent Educational Evaluation performed by Dr. Meek. *See,* Decision at page 66.

17. ALJ Helfand found both the LFI program and LAD programs offered by MCPS at Forest Oak were inappropriate to meet Rosemary's educational needs. In particular, she found the Clearspring team effectively lowered the basic floor of opportunity and assigned Rosemary to a placement so lacking in meaningful educational benefit as to "render it essentially subterranean." *See,* Decision at page 57.

18. Accordingly, Plaintiffs were the prevailing party at the Administrative Hearing.

19. MCPS has not appealed the decision of the hearing officer.

**WHEREFORE**, Rosemary Boucher, a minor by her parents and next friends, Edward and Christine Boucher, respectfully request that this Honorable Court issue judgment in favor of Rosemary Boucher, and her parents, Edward and Christine Boucher, and against the Board of Education of Montgomery County and Jerry D. Weast, Superintendent; and

1. Issue an Order declaring Plaintiffs prevailing parties at the Administrative Hearing;

2. Issue an Order requiring the Defendants to reimburse the Plaintiffs for attorneys' fees and costs, including expert expenses, incurred in pursuing Plaintiffs' claims to the administrative hearing level and in pursuing attorneys fees and costs in this action; and

3. Issue an Order for such other and further relief as the nature of this case and justice require.

/s/ Mark B. Martin
Mark B. Martin
Federal Bar No. 1168
**Law Offices of Mark B. Martin, P.A.**
One N. Charles Street, Suite 1215
Baltimore, Maryland 21201
(410) 779-7770
Attorney for Plaintiffs

April 29, 2009