IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| **ROSEMARY BOUCHER, et al.** | * | |
| **Plaintiffs** | * | |
| **v.** | * | **Civil Action No.  AW 09-CV-1101** |
| **BOARD OF EDUC. OF** | * | |
| **MONTGOMERY COUNTY, et al.** | | |
| | * | |
| **Defendants** | | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## ANSWER

The Defendants, Board of Education of Montgomery County and Jerry Weast, by their attorneys, Jeffrey A. Krew and Jeffrey A. Krew, LLC, answer the complaint as follows:

1.      In response to the averments contained in Paragraph 1 of the complaint, the Defendants state that Paragraph 1 of the complaint states legal conclusions to which no answer is required.  To the extent that an answer is required, the Defendants deny the averments contained in Paragraph 1 of the complaint.

2.      In response to the averments contained in Paragraph 2 of the complaint, the Defendants state that Paragraph 2 of the complaint states legal conclusions to which no answer is required. To the extent that an answer is required, the Defendants deny the averments contained in Paragraph 2 of the complaint.

3.      In response to the averments contained in Paragraph 4 of the complaint, the Defendants state that Paragraph 3 of the complaint states legal conclusions to which no answer is required. To the extent that an answer is required, the Defendants deny the averments contained in Paragraph 3 of the complaint.

4.      In response to the averments contained in Paragraph 4 of the complaint, the Defendants state that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

5.      In response to the averments contained in Paragraph 5 of the complaint, the Defendants state that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

6.      In response to the averments contained in Paragraph 6 of the complaint, the Defendants state that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

7.      In response to the averments contained in Paragraph 7 of the complaint, the Defendants state that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

8.      In response to the averments contained in Paragraph 8 of the complaint, the Defendants state that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

9.      In response to the averments contained in Paragraph 9 of the complaint, the Defendants state that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

10.      In response to the averments contained in Paragraph 10 of the complaint, the Defendants state that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

11.      In response to the averments contained in Paragraph 11 of the complaint, the Defendants state that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

12.      In response to the averments contained in Paragraph 12 of the complaint, the Defendants state that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

13.      In response to the averments contained in Paragraph 13 of the complaint, the Defendants state that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

14.      In response to the averments contained in Paragraph 14 of the complaint, the Defendants state that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

15.      In response to the averments contained in Paragraph 15 of the complaint, the Defendants state

that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

16.     In response to the averments contained in Paragraph 16 of the complaint, the Defendants state that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

17.     In response to the averments contained in Paragraph 17 of the complaint, the Defendants state that the record of the administrative hearing, including the decision of the ALJ, speaks for itself.

18.     In response to the averments contained in Paragraph 18 of the complaint, the Defendants admit that the Plaintiffs were the prevailing party, in part.

19.     The Defendants admit the averments contained in Paragraph 19 of the complaint.

## <u>DEFENSE 1</u>

The Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, the complaint should be dismissed, with prejudice.

Respectfully submitted,

JEFFREY A KREW, LLC
by:

/s/Jeffrey A. Krew_____
Jeffrey A. Krew, Trial Bar # 08856
4785 Dorsey Hall Drive, Suite 120
Ellicott City, Maryland 21042
Phone:  301-621-4900; Fax:  301-621-4903
Attorney for Defendants

Date:  May 29, 2009